# UNITED STATES DISTRICT COURT
## Western District of North Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA ) | JUDGMENT IN A CRIMINAL CASE |
| ) | (For Offenses Committed On or After November 1, 1987) |
| V. ) | |
| ) | |
| DAVID GABRIEL CANALS-LOPEZ ) | Case Number: DNCW320CR000238-001 |
| ) | USM Number: 05037-509 |
| ) | |
| ) | Jacob Estes Setzer |
| ) | Defendant's Attorney |

**THE DEFENDANT:**

■ Pleaded guilty to count(s) 1.
☐ Pleaded nolo contendere to count(s) which was accepted by the court.
☐ Was found guilty on count(s) after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title and Section | Nature of Offense | Date Offense Concluded | Counts |
|---|---|---|---|
| 18:2252A(a)(5)(B) | Possession of Child Pornography that Involved a Prepubescent Minor and a Minor Who Had Not Attained 12 Years of Age | 06/29/2018 | 1 |

    The Defendant is sentenced as provided in pages 2 through 9 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, United States v. Booker, 125 S.Ct. 738 (2005), and 18 U.S.C. § 3553(a).

☐ The defendant has been found not guilty on count(s).
☐ Count(s) (is)(are) dismissed on the motion of the United States.

    **IT IS ORDERED** that the Defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay monetary penalties, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence: 10/22/2021

_Robert J. Conrad, Jr._
Robert J. Conrad, Jr.
United States District Judge

Date: October 26, 2021

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of <u>SEVENTY-EIGHT (78) MONTHS</u>.

- ☒ The Court makes the following recommendations to the Bureau of Prisons:
    1. Placed in FCI Butner, consistent with the needs of BOP.
    2. Participation in any available educational and vocational opportunities.
    3. Participation in the Federal Inmate Financial Responsibility Program.
    4. Participation in sex offender treatment programs, if eligible.

- ☒ The Defendant is remanded to the custody of the United States Marshal.

- ☐ The Defendant shall surrender to the United States Marshal for this District:

    - ☐ As notified by the United States Marshal.
    - ☐ At _ on _.

- ☐ The Defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    - ☐ As notified by the United States Marshal.
    - ☐ Before 2 p.m. on _.
    - ☐ As notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____
_____

Defendant delivered on _____ to _____ at
_____, with a certified copy of this Judgment.

_____  
United States Marshal

By: _____  
Deputy Marshal

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>THIRTY (30) YEARS</u>.

☐   The condition for mandatory drug testing is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

# CONDITIONS OF SUPERVISION

The defendant shall comply with the mandatory conditions that have been adopted by this court.

1. The defendant shall not commit another federal, state, or local crime.
2. The defendant shall not unlawfully possess a controlled substance.
3. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court (unless omitted by the Court).
4. The defendant shall cooperate in the collection of DNA as directed by the probation officer (unless omitted by the Court).

The defendant shall comply with the discretionary conditions that have been adopted by this court and any additional conditions ordered.

5. The defendant shall report to the probation office in the federal judicial district where he/she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.
6. The defendant shall report to the probation officer in a manner and frequency as directed by the Court or probation officer.
7. The defendant shall not leave the federal judicial district where he/she is authorized to reside without first getting permission from the Court or probation officer.
8. The defendant shall answer truthfully the questions asked by the probation officer. However, defendant may refuse to answer a question if the truthful answer would tend to incriminate him/her of a crime.  Refusal to answer a question on that ground will not be considered a violation of supervised release.
9. The defendant shall live at a place approved by the probation officer. The probation officer shall be notified in advance of any change in living arrangements (such as location and the people with whom the defendant lives). If advance notification is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.
10. The defendant shall allow the probation officer to visit him/her at any time at his/her home or any other reasonable location as determined by the probation office, and shall permit the probation officer to take any items prohibited by the conditions of his/her supervision that the probation officer observes.
11. The defendant shall work full time (at least 30 hours per week) at lawful employment, actively seek such gainful employment or be enrolled in a full time educational or vocational program unless excused by the probation officer. The defendant shall notify the probation officer within 72 hours of any change regarding employment or education.
12. The defendant shall not communicate or interact with any persons he/she knows is engaged in criminal activity, and shall not communicate or interact with any person he/she knows to be convicted of a felony unless granted permission to do so by the probation officer.
13. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.
14. The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
15. The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential informant without first getting the permission of the Court.
16. The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or controlled substance or any psychoactive substances (including, but not limited to, synthetic marijuana, bath salts) that impair a person's physical or mental functioning, whether or not intended for human consumption, or any paraphernalia related to such substances, except as duly prescribed by a licensed medical practitioner.
17. The defendant shall participate in a program of testing for substance abuse. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of the testing. The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program (including, but not limited to, provider, location, modality, duration, intensity) (unless omitted by the Court).
18. The defendant shall not go to, or remain at any place where he/she knows controlled substances are illegally sold, used, distributed, or administered without first obtaining the permission of the probation officer.
19. The defendant shall submit to a search if the Probation Officer has a reasonable suspicion that the defendant has committed a crime or a violation of a condition of supervised release. Such a search may be conducted by a U.S. Probation Officer, and such other law enforcement personnel as the probation officer may deem advisable, without a warrant or the consent of the defendant. Such search may be of any place where evidence of the above may reasonably be expected to be found, including defendant's person, property, house, residence, vehicle, communications or data storage devices or media or office.
20. The defendant shall pay any financial obligation imposed by this judgment remaining unpaid as of the commencement of the sentence of probation or the term of supervised release in accordance with the schedule of payments of this judgment. The defendant shall notify the court of any changes in economic circumstances that might affect the ability to pay this financial obligation.
21. The defendant shall support all dependents including any dependent child, or any person the defendant has been court ordered to support.
22. The defendant shall participate in transitional support services (including cognitive behavioral treatment programs) and follow the rules and regulations of such program. The probation officer will supervise the defendant's participation in the program (including, but not limited to, provider, location, modality, duration, intensity). Such programs may include group sessions led by a counselor or participation in a program administered by the probation officer.
23. The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

ADDITIONAL CONDITIONS:

24. The defendant shall participate in a mental health evaluation and treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program (including, but not limited to provider, location, modality, duration, and intensity). The defendant shall take all mental health medications as prescribed by a licensed health care practitioner.

# SEX OFFENDER
# CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court and any additional conditions ordered.

1. The defendant shall have no direct or indirect contact, at any time, for any reason with any victim(s), any member of any victim's family, or affected parties in this matter unless provided with specific written authorization to do so in advance by the U.S. Probation Officer.
2. The defendant shall submit to a psycho-sexual evaluation by a qualified mental health professional experienced in evaluating and managing sexual offenders as approved by the U.S. Probation Officer. The defendant shall complete the treatment recommendations and abide by all of the rules, requirements, and conditions of the program until discharged. The defendant shall take all medications as prescribed.
3. The defendant shall submit to risk assessments, psychological and physiological testing, which may include, but is not limited to a polygraph examination and/or Computer Voice Stress Analyzer (CVSA), or other specific tests to monitor the defendant's compliance with supervised release and treatment conditions, at the direction of the U.S. Probation Officer.
4. The defendant's residence, co-residents and employment shall be approved by the U.S. Probation Officer. Any proposed change in residence, co-residents or employment must be provided to the U.S. Probation Officer at least 10 days prior to the change and pre-approved before the change may take place.
5. The defendant shall not possess any materials depicting and/or describing "child pornography" and/or "simulated child pornography" as defined in 18 U.S.C. § 2256, nor shall the defendant enter any location where such materials can be accessed, obtained or viewed, including pictures, photographs, books, writings, drawings, videos or video games.
6. The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.
7. The defendant shall have no contact, including any association such as verbal, written, telephonic, or electronic communications with any person under the age of eighteen (18) except: 1) in the presence of the parent or legal guardian of said minor; 2) on the condition that the defendant notifies the parent or legal guardian of their conviction or prior history; and, 3) has written approval from the U.S. Probation Officer. This provision does not encompass persons under the age of eighteen (18), such as waiters, cashiers, ticket vendors, etc. with whom the defendant must deal, in order to obtain ordinary and usual commercial services. If unanticipated contact with a minor occurs, the defendant shall immediately remove himself/herself from the situation and shall immediately notify the probation officer.
8. The defendant shall not loiter within 100 feet of any parks, school property, playgrounds, arcades, amusement parks, day-care centers, swimming pools, community recreation fields, zoos, youth centers, video arcades, carnivals, circuses or other places primarily used or can reasonably be expected to be used by children under the age of eighteen (18), without prior written permission of the U.S. Probation Officer.
9. If the defendant uses, purchases, possesses, procures, or otherwise obtains any computer (as defined in 18 U.S.C. § 1030(e)(1)) or electronic device that can be linked to any computer networks, bulletin boards, internet, internet service providers, or exchange formats involving computers, the defendant must: 1) notify the U.S. Probation Officer in advance, and 2) only use, purchase, possess, procure or otherwise obtain any computer or electronic device that is capable of being monitored by the U.S. Probation Office. All such computers, computer hardware or software is subject to warrantless searches and/or seizures by the U.S. Probation Office. However, with the prior approval of the U.S. Probation Office, the defendant may use an employer's unmonitored computer systems at his place of employment for employment purposes only and may use an educational facility's unmonitored computer systems at an educational facility where he is enrolled for education-related purposes only.
10. The defendant shall allow the U.S. Probation Officer, or other designee, to install software designed to monitor computer activities on any computer the defendant is authorized to use, except for that of an employer. This may include, but is not limited to, software that may record any and all activity on computers (as defined in 18 U.S.C. § 1030(e)(1)) the defendant may use, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations. The defendant shall pay any costs related to the monitoring of computer usage.
11. The defendant shall not use or have installed any programs specifically and solely designed to encrypt data, files, folders, or volumes of any media. The defendant shall, upon request, immediately provide the probation officer with any and all passwords required to access data compressed or encrypted for storage by any software.
12. The defendant shall provide a complete record of all computer use information including, but not limited to, all passwords, internet service providers, email addresses, email accounts, screen names (past and present) to the probation officer and shall not make any changes without the prior approval of the U.S. Probation Officer.
13. Before opening any new social networking accounts or accessing any accounts established before supervised release begins, the defendant shall notify the U.S. Probation Officer of each social networking site where defendant has an account or intends to open one. The defendant shall only use social networking accounts that can be effectively monitored by the U.S. Probation Office and monitoring software. An account that is not able to be effectively monitored will not be approved for use. He shall provide the Probation Officer with his screen names and passwords for all social networking accounts and allow the Probation Officer to access and examine his accounts at any time. The defendant shall not use social networking accounts to communicate with minors and may not use them for unlawful purposes. Social networking accounts are accounts on Internet-based social media platforms, such as Facebook, LinkedIn, Twitter, Snapchat, and Instagram, which allow users to directly communicate with other users.
14. The defendant shall not be employed in any position or participate as a volunteer in any activity that involves direct or indirect contact with children under the age of eighteen (18), and under no circumstances may the defendant be engaged in a position that involves being in a position of trust or authority over any person under the age of eighteen (18), without written permission from the U.S. Probation Officer.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments.

| ASSESSMENT | JVTA ASSESSMENT | RESTITUTION | FINE |
|---|---|---|---|
| $100.00 | $5,000.00 | $18,000.00 | $0.00 |

☐ The determination of restitution is deferred until. Upon such a determination an *Amended Judgment in a Criminal Case (AO 245C)* will be entered. Failing such a determination by, restitution amount becomes $0.00 without further Order of the Court.

## INTEREST

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

■ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

■ The interest requirement is waived.

☐ The interest requirement is modified as follows:

## COURT APPOINTED COUNSEL FEES

☐ The defendant shall pay court appointed counsel fees.

# RESTITUTION PAYEES

The defendant shall make restitution to the following payees in the amounts listed below:

| NAME OF PAYEE | AMOUNT OF RESTITUTION ORDERED |
|---|---|
| Lily of the "Vicki Series" | $3,000.00 |
| Jessica of the "Jessica Series" | $3,000.00 |
| Cindy of the "Cindy Series" | $3,000.00 |
| Sara of the "Marineland Series" | $3,000.00 |
| Pia of the "Sweet White Sugar Series" | $3,000.00 |
| Anna of the "Middle Model Sister Series" | $3,000.00 |

☐ Joint and Several Restitution is Ordered as follows:

    ☐    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)* if appropriate:

    ☐    Associated Defendant Name(s) and Case Number(s) *(including defendant number)* if appropriate:

    ☐    Court gives notice that this case may involve other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future.

The victims' recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victim(s) receive full restitution. Any payment not in full shall be divided proportionately among victims.

Pursuant to 18 U.S.C. § 3364(i), all nonfederal victims must be paid before the United States is paid.

AO 245B  (WDNC Rev. 01/2020) Judgment in a Criminal Case

Defendant: David Gabriel Canals-Lopez  
Case Number: DNCW320CR000238-001

Judgment- Page **8** of **9**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of $0.00 due immediately, balance due
    ☐ Not later than_____
    ☐ In accordance ☐ (C), ☐ (D) below; or

B ■ Payment to begin immediately (may be combined with ☐ (D) below); or

C ☐ Payment in equal **monthly** installments of **$50.00** to commence **60 days** after the date of this judgment; or

D ■ In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, payments shall be made in
equal **monthly** installments of **$50.00** to commence **60 days** after release from imprisonment to a term of supervision. The U.S. Probation Officer shall pursue collection of the amount due, and may request to modify a payment schedule if appropriate 18 U.S.C. § 3572.

Special instructions regarding the payment of criminal monetary penalties:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court costs:

■ The defendant shall forfeit the defendant's interest in the following property to the United States as set forth in the Consent Order (Doc. No. 11) entered 8/20/2020

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. **All criminal monetary penalty payments are to be made to the United States District Court Clerk, 401 West Trade Street, Room 1301, Charlotte, NC 28202**, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. All criminal monetary penalty payments are to be made as directed by the court.

**The Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

## STATEMENT OF ACKNOWLEDGMENT

I understand that my term of supervision is for a period of _____months, commencing on _____.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I understand that revocation of probation and supervised release is mandatory for possession of a controlled substance, possession of a firearm and/or refusal to comply with drug testing.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.


(Signed)    _____    Date: _____  
                      Defendant

(Signed)    _____    Date: _____  
                      U.S. Probation Office/Designated Witness


☐ The Court gives notice that this case may involve other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future.